UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

APR 9 2018

KEITH CARROLL,

Plaintiff,

v.

Civil No. 4:17-cv-129

1ST ADVANTAGE FEDERAL CREDIT UNION,

Defendant.

## ORDER

Pending before the Court is a Motion to Dismiss brought by Defendant 1st Advantage Federal Credit Union ("Defendant" or "1st Advantage"). ECF No. 8.[1] For the reasons stated herein, the Motion is GRANTED.

I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Keith Carroll ("Plaintiff") is a permanently blind resident of Virginia. Compl. ¶ 3, ECF No. 1. To accommodate his visual impairment, Plaintiff uses a screen reader to access websites on the Internet. *Id.*

Defendant is a community credit union chartered by the federal government under 12 U.S.C. § 1759(b)(3), which requires that membership be restricted only to those "[p]ersons or

---

[1] Defendant also filed two Motions for Leave to File Notice of Supplemental Authority. ECF Nos. 21, 25. Plaintiff filed an objection to Defendant's First Motion (ECF Nos. 22, 23). The Court, finding that the proposed supplemental filing would potentially assist the Court in resolving the pending Motion to Dismiss, granted the First Motion (ECF No. 26) and gave Plaintiff leave to file a response addressing the supplemental authority. For the same reasons, the Court also granted the Second Motion (ECF No. 27), and gave Plaintiff leave to file a supplemental response.
On April 2, 2018, Plaintiff filed responses, arguing that the supplemental authorities filed were not binding upon this Court. Plaintiff also cited cases from the United States Courts of Appeals for the Third and Ninth Circuits, as well as the District Court for the Western District of Pennsylvania. *See* ECF Nos. 28, 29. The supplemental authorities and Plaintiff's responses have been offered to assist the Court in resolving the pending Motion to Dismiss, and the Court has considered them.

organizations within a well-defined local community, neighborhood, or rural district." Pursuant to 12 U.S.C. § 1759(b)(3), Defendant limits its membership by providing banking services only to "anyone who lives, works, worships or attends school in Hampton Roads and parts of North Carolina, and to any immediate family members of current 1st Advantage members." ECF No. 9 at 12. Defendant defines its geographic eligibility requirement to include the Virginia cities of Chesapeake, Hampton, Newport News, Norfolk, Poquoson, Portsmouth, Suffolk, Virginia Beach, and Williamsburg, as well as the counties of Gloucester, Isle of Wight, James City, Mathews, and York. In North Carolina, geographic eligibility is restricted to individuals in the counties of Currituck and Gates. *Id.*

Plaintiff alleges that he has made several attempts to access Defendant's website to learn about Defendant's locations, amenities, services, privileges, advantages, and accommodations, but has been barred from doing so because Defendant's website does not include certain accommodations for visually impaired viewers. Compl. ¶¶ 14–15, ECF No. 1. Plaintiff alleges specifically that three barriers prevent visually impaired users from accessing the website: (1) linked images that are missing alternative text, which would otherwise permit the screen reader to provide an oral description of a picture and its linked services to the visually impaired user; (2) redundant links that send users to the same location as other links on the website, forcing users to take additional steps to reach the content that the user actually intends to use; and (3) missing formal labels, which prevent the screen reader from communicating to the visually impaired user information that the user needs to enter into a field on the webpage. *Id.* ¶ 13.

Plaintiff contends that Defendant—in permitting these three alleged barriers to exist on its website and by failing to make reasonable modifications to its policies and practices to make its services accessible to the visually impaired—has violated and continues to violate the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq. Id.* ¶¶ 16–21. Defendant moves to dismiss Plaintiff's Complaint on four bases, including an assertion that Plaintiff lacks standing. ECF No. 9 at 9.[2]

## II.  LEGAL STANDARD

Although Defendant purports to challenge Plaintiff's standing under Federal Rule of Civil Procedure 12(b)(6), ECF No. 9 at 8, a challenge to standing must be made pursuant to Rule 12(b)(1), which permits challenges on the basis of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Accordingly, to the extent Defendant challenges Plaintiff's standing to bring the suit, the Court construes Defendant's Motion as one filed pursuant to Rule 12(b)(1). *See Mims v. Kemp*, 516 F.2d 21, 22 (4th Cir. 1975); *see also Griffin v. Department of Labor Federal Credit Union*, No. 1:17cv1419, slip op. at 2 n.2 (E.D. Va. Feb. 21, 2018); *KCE Properties, Inc. v. Holy Mackerel, Inc.*, No. 4:16cv42, 2017 WL 376151, at *2 (E.D. Va. 2017).

Article III of the United States Constitution requires that a plaintiff have standing to bring a case or controversy before a federal court. The standing inquiry "ensures that a plaintiff has a sufficient personal stake in a dispute to render judicial resolution appropriate." *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 153 (4th Cir. 2000). Otherwise, the absence of standing deprives a federal court of the power to adjudicate anything further about the case. *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

To demonstrate standing, a plaintiff must allege that he or she suffered an injury in fact that (1) is "concrete and particularized," rather than "conjectural or hypothetical;" (2) is fairly traceable to the defendant's conduct; and (3) will likely prove redressible via a favorable ruling

---

[2] Because this Court finds the standing challenge dispositive, it lacks jurisdiction to reach the other asserted grounds for dismissal: Defendant's website is not a "place of public accommodation" subject to the ADA's provisions, *id.* at 14; the information on the website is accessible to Plaintiff through other auxiliary aids and services, *id.* at 19; and because of the primary jurisdiction doctrine, *id.* at 22.

from the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "Threatened injury must be certainly impending to constitute injury in fact," and "[a]llegations of possible future injury" are insufficient to fulfill the requirement of injury in fact. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013); *see also Friends of the Earth*, 204 F.3d at 154 (noting the injury in fact element "requires that a plaintiff suffer an invasion of a legally protected interest which is ... actual or imminent").

The burden falls on the party invoking jurisdiction to establish that he or she has standing. *Spokeo Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016). Furthermore, a plaintiff does not automatically fulfill the injury in fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549. "Divorced from any concrete harm," a statutory violation is insufficient to meet the injury in fact requirements for Article III standing. *Id.* A plaintiff seeking injunctive relief must demonstrate that there is a non-speculative, imminent threat of repeated future injury to establish injury in fact sufficient to support injunctive relief. *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974).

III. ANALYSIS

The Court agrees that the question of whether Plaintiff has sufficiently established standing is dispositive. In the context of ADA claims, "courts have held that a plaintiff must establish a genuine likelihood of returning to the defendant's business[] in order to demonstrate a real threat of future harm." *Carroll v. Northwest Federal Credit Union*, No. 1:17cv1205, slip op. at 2–3 (E.D. Va. Jan. 26, 2018) (citing *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000); *Pickern v. Holiday Quality Foods, Inc.*, 293 1133, 1137–38 (9th Cir. 2002)). In *Daniels v. Arcade, LLP*, 477 Fed. App'x 125, 129 (4th Cir. 2012), the United States Court of Appeals for the Fourth Circuit concluded that where the plaintiff could plausibly claim that the market allegedly in violation of the ADA was (1) close to his residence, (2) one he had previously and

regularly visited, and (3) a place he intended to continue to visit, the plaintiff had sufficiently established injury in fact and likelihood of future harm.

Here, by contrast, Plaintiff has failed to establish injury in fact and likelihood of future harm. Defendant is a credit union whose field of membership is limited to (1) individuals who live, work, worship, or attend school in specified counties and cities in Hampton Roads and parts of North Carolina, and (2) any immediate family members of Defendant's current members. ECF No. 9 at 12.

Plaintiff is not included in this membership field, nor has he alleged any facts in his Complaint to suggest that he falls or will fall within this membership field. His Complaint notes simply that he "is an adult resident of this District"—that is, the Eastern District of Virginia—but does not allege that he is a resident of any of the above-listed cities or counties that would qualify him for membership. Compl. ¶ 3, ECF No. 1. The Complaint also fails to allege that he works, worships, or attends school in the above-listed cities or counties. Similarly, he does not allege that he is an immediate family member of a current Union member. Finally, the civil cover sheet filed with this matter lists Fairfax County as Plaintiff's county of residence. ECF No. 9 at 12. Given that Plaintiff has not alleged facts sufficient to establish that he is eligible for membership at 1st Advantage Credit Union, he has also failed to establish that he is able to deposit money in or receive any other services from Defendant.

It is Plaintiff's burden to demonstrate that he is suffering a concrete and particularized injury that is both fairly traceable to Defendant's conduct and redressible by this Court. Because Plaintiff cannot demonstrate that he (1) is a member of 1st Advantage Credit Union; (2) within 1st Advantage's limited field of membership; or (3) would ever be entitled to participate in any of 1st Advantage's services, he cannot establish that he has suffered an actual or imminent

concrete and particularized injury. *See also Griffin*, No. 1:17cv1419, slip op. at 3–4. "Without membership or even the ability to become a member, there is no harm to [P]laintiff resulting from his [alleged] inability to access information about [Defendant's] services." *Id.* Furthermore, the Complaint's allegation that Defendant's website violates the ADA is insufficient to satisfy the injury in fact requirement because Article III "requires that the alleged statutory violation cause a real and actual harm to the [Plaintiff]." *Id.* at 4.

Plaintiff is also unable to show that there is certain impending future harm sufficient to support injunctive relief. "[Plaintiff] cannot make this showing because he has not established that he is entitled, or would ever be entitled, to utilize any services provided by" Defendant. *Carroll*, No. 1:17cv1205, slip op. at 3–4. Accordingly, any plans to visit in the future would be immaterial unless Plaintiff could demonstrate that he would be eligible to use 1st Advantage's services. *See id.* at 4; *see also Griffin*, No. 1:17cv1419, slip op. at 5–7.[3]

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss (ECF No. 8) is GRANTED and this case is DISMISSED without prejudice.

The Clerk is REQUESTED to forward a copy of this Order to all parties.

IT IS SO ORDERED.

_____
Arenda L. Wright Allen
United States District Judge

April 9th, 2018
Norfolk, Virginia

---

[3] Having concluded that Plaintiff lacks standing to sue and that this Court does not have jurisdiction to consider Plaintiff's claims, the Court declines to consider the other bases for dismissal proposed by Defendant. These bases appear meritorious, however. *See Carroll*, No. 1:17cv1205, slip op. at 4–5 (also dismissing the plaintiff's complaint because a "website is not a place of public accommodation" under the ADA).